JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
DAVID C. KIEBLER
Nevada Bar No. 16724
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
*JDunn@GGTrialLaw.com*
*MHale@GGTrialLaw.com*
*DKiebler@GGTrialLaw.com*

Attorneys for Plaintiff
Breanna Baldridge

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BREANNA BALDRIDGE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AXOS BANK,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(1) NEGLIGENT SUPERVISION & RETENTION;**<br><br>**(2) DISCRIMINATION (N.R.S. § 613.330);**<br><br>**(3) DISCRIMINATION (42 U.S.C. § 2000e *et seq.*);**<br><br>**(4) DISCRIMINATION (42 U.S.C. § 12112 *et seq.*);**<br><br>**(5) DISCRIMINATION (29 U.S.C. § 206(d));**<br><br>**(6) DISCRIMINATION (N.R.S. § 608.017);**<br><br>**(7) HARASSMENT (N.R.S. § 613.330);**<br><br>**(8) HARASSMENT (42 U.S.C. § 2000e *et seq.*);**<br><br>**(9) HARASSMENT (42 U.S.C. § 12112 *et seq.*);** |

**(10) RETALIATION (N.R.S. § 613.340);**

**(11) RETALIATION (42 U.S.C. § 2000e *et seq.*);**

**(12) RETALIATION (42 U.S.C. § 12203 *et seq.*);**

**(13) RETALIATION (29 U.S.C. § 215(a)(3));**

**(14) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**

**(15) ASSAULT;**

**(16) BATTERY.**

**DEMAND FOR JURY TRIAL**

Plaintiff Breanna Baldridge ("Plaintiff" or "Ms. Baldridge") alleges as follows:

**JURISDICTION AND VENUE**

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff's claims for damages arise, in part, under 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 12112 *et seq.*, and 42 U.S.C. § 12203 *et seq.*

3. The Court has supplemental jurisdiction over the remaining state statutory claims pursuant to 28 U.S.C. § 1367, given that all the claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to each of Plaintiff's claims occurred in Clark County, Nevada.

**NATURE OF THE ACTION**

5. Ms. Baldridge began working for Axos Bank as a VP Relationship Manager in November 2023. Axos paid Ms. Baldridge less annually than her male colleagues for equal work. Ms. Baldridge's supervisor harassed her on the basis of sex and her daughter's Down syndrome. A male colleague repeatedly touched Ms. Baldridge without consent and made explicit sexual

comments at work. After Ms. Baldridge reported this unlawful conduct to HR, her employment was terminated on false and pretextual bases. In reality, Axos Bank wrongfully terminated Ms. Baldridge in discrimination based on her sex and her association with a person with a disability, and in retaliation for her protected activity.

## PARTIES

6. Plaintiff is and was at all relevant times herein, a resident of Clark County, Nevada.

7. Defendant Axos Bank is a federally chartered bank that conducts business in Clark County.

## FACTUAL ALLEGATIONS

8. On or about November 27, 2023, Ms. Baldridge began working as a Vice President, Deposit Relationship Manager for Axos Bank in Las Vegas, Nevada - earning significantly less per year than her male counterparts performing identical work.

9. Throughout her employment, Ms. Baldridge's direct supervisor subjected her to a relentless pattern of sex-based harassment, including sustained pressure to alter her physical appearance through weight-loss medication and cosmetic procedures, and body-shaming comments made in group workplace settings.

10. Her supervisor's harassment also targeted Ms. Baldridge's known association with her daughter, who has Down syndrome - a disability – through a mocking remark made in front of the full team.

11. Ms. Baldridge was further subjected to ongoing sexual harassment by a male colleague, including unwanted physical touching of a sexual nature on multiple occasions witnessed by coworkers and persistent sexually explicit verbal comments.

12. In or around May 2025, Ms. Baldridge formally complained to Human Resources about the discriminatory pay disparity, her supervisor's harassment, and the disability-association misconduct, and requested a temporary workplace reassignment.

13. Axos Bank conducted no meaningful investigation and took no remedial action in response to Ms. Baldridge's complaints; when Ms. Baldridge reported her male colleague's ongoing sexual misconduct to Human Resources in or around June 2025, Axos Bank again failed to

investigate or separate the parties.

14. On or about June 18, 2025, Axos Bank terminated Ms. Baldridge's employment on bases that were false and pretextual.

15. In reality, Axos Bank wrongfully terminated Ms. Baldridge in discrimination based on her sex and her association with a person with a disability, and in retaliation for her protected activity.

16. *Summary of Plaintiff's Protected Statuses and Activity*: Ms. Baldridge is a woman and the parent of a child with Down syndrome — a disability. Ms. Baldridge engaged in protected activity by complaining internally about sex-based discrimination, harassment, and disability-association harassment.

17. On March 24, 2026, Plaintiff timely dual filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Nevada Equal Rights Commission ("NERC"). On March 25, 2026, the EEOC closed Plaintiff's case without making findings and issued her an immediate right to sue notice. Plaintiff timely filed the instant lawsuit within 90 days of the right to sue notice.

18. *Punitive damages*: Plaintiff is entitled to punitive damages. (42 U.S.C. § 1981a(b); Nevada Revised Statute ("N.R.S.") 42.001, 42.007.)

19. *Reckless Indifference and Conscious Disregard*: Defendant Axos Bank knew of the probable economic harm and emotional distress that would ensue as a result of the wrongful conduct perpetrated. Yet Defendant Axos Bank willfully and deliberately caused the wrongful conduct, both through its actions and inactions.

20. *Malice*: The conduct of Defendant Axos Bank was committed with malice, including that (a) Defendant Axos Bank acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of their good faith complaints, and/or (b) the conduct of Defendant Axos Bank was despicable and committed in willful and conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

21. *Oppression:* In addition, and/or alternatively, The conduct of Defendant was committed with oppression, including that the actions of Defendant Axos Bank against Plaintiff were cruel and subjected her to unjust hardship and with conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

22. *Fraud:* In addition, and/or alternatively, the conduct of Defendant Axos Bank, as alleged, was fraudulent, including that Defendant Axos Bank asserted false and pretextual grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby causing Plaintiff hardship and deprive her of legal rights or otherwise injure Plaintiff.

23. Further, Defendant Axos Bank is liable for the wrongful acts of its employees, including its supervisory personnel, because Defendant Axos Bank had advance knowledge that these employees were unfit for the purposes of the employment and yet employed these employees with a conscious disregard for the rights or safety of others. (42 U.S.C. § 2000e(b); N.R.S. 42.007.)

## **FIRST CLAIM FOR RELIEF**

**Negligent Supervision & Retention**

**(Plaintiff Breanna Baldridge against Defendant Axos Bank)**

24. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

25. Plaintiff was employed by Defendant Axos Bank.

26. Defendant Axos Bank had a duty to use reasonable care in supervising and retaining employees who would be interacting with Plaintiff and other employees.

27. Defendant Axos Bank breached this duty by: a. Failing to properly train employees on appropriate workplace conduct and compliance with labor laws; b. Failing to adequately supervise employees to ensure they were not engaging in unlawful practices; c. Failing to investigate complaints or reports of misconduct by employees; and, d. Retaining employees known or should have known were engaging in unlawful practices.

28. With respect to the supervisor, Axos Bank knew or should have known that he was subjecting Plaintiff and other employees to sex-based harassment, disability-association harassment,

and other unlawful workplace conduct. This conduct was carried out openly, including in group workplace settings and in front of team members, such that Axos Bank knew or should have known of his propensity for the misconduct described herein.

29. With respect to the male colleague, Axos Bank had actual notice of his propensity for unwanted physical touching and sexually explicit verbal conduct directed at Plaintiff. Plaintiff formally complained to Human Resources about this employee's conduct on multiple occasions, including in or around May and June 2025. Despite this actual notice, Axos Bank failed to investigate, failed to discipline the offending employee, and failed to take any steps to protect Plaintiff from further harm — including the straightforward measure of separating the parties.

30. By retaining both employees, taking no corrective action, and allowing each to maintain continued access to Plaintiff after receiving notice of their misconduct, Axos Bank breached its duty of reasonable care in supervising and retaining its workforce. That breach directly enabled the extreme and outrageous conduct, the threatening behavior placing Plaintiff in apprehension of imminent harm, and the repeated nonconsensual physical touching that form the basis of Plaintiff's claims for intentional infliction of emotional distress, assault, and battery, respectively.

31. As a direct and proximate result of the actions of Defendant Axos Bank, Plaintiff has and will continue to suffer harm, including lost earnings, salary, and other job benefits, and humiliation, embarrassment, and emotional distress, according to proof.

32. Due to this action, it has been necessary for Plaintiff to expend court costs to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020.

33. The acts of Defendant Axos Bank alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Axos Bank, and to make an example of and deter Defendant Axos Bank from engaging in such conduct in the future.

/ / /

**SECOND CLAIM FOR RELIEF**

**Workplace Discrimination in Violation of N.R.S. § 613.330**

**(Plaintiff Breanna Baldridge against Defendant Axos Bank)**

34. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

35. Plaintiff was employed by Defendant Axos Bank, as defined by N.R.S. § 613.310, and thus is prohibited from discriminating against any person with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of any protected status as set forth in N.R.S. § 613 *et seq*. Further, employers must provide a workplace free of discrimination on the basis of these protected statuses.

36. Plaintiff was employed by Defendant Axos Bank, as defined by N.R.S. § 613.310, and thus is prohibited from discriminating against any employee because the employee has inquired about, discussed or voluntarily disclosed his or her wages or the wages of another employee.

37. The acts and omissions of Defendant Axos Bank, as more fully set forth herein, constituted discrimination within the meaning of N.R.S. § 613.330.

38. Plaintiff is within the class of persons that N.R.S. § 613.330 intends to protect and termination of employment on the basis of discrimination is the type of injury prohibited by N.R.S. § 613.330.

39. Plaintiff charges that Defendant Axos Bank discriminated against the Plaintiff based on her protected status or statuses.

40. Plaintiff charges that Defendant Axos Bank discriminated against the Plaintiff because Plaintiff inquired about, discussed or voluntarily disclosed her wages or the wages of another employee.

41. As a direct and proximate result of the violations and conduct described herein, Plaintiff was subjected to unlawful discrimination, loss of her employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

42. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain

the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020, as well as attorneys' fees under N.R.S. § 613.432 and 42 U.S.C. § 2000e-5(k).

43. The acts of Defendant Axos Bank alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Axos Bank, and to make an example of and deter Defendant Axos Bank from engaging in such conduct in the future.

## THIRD CLAIM FOR RELIEF

**Workplace Discrimination in Violation of 42 U.S.C. § 2000e *et seq.***

**(Plaintiff Breanna Baldridge against Defendant Axos Bank)**

44. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

45. Plaintiff is a member of the class of persons protected by federal statutes prohibiting discrimination based on her protected status or statuses.

46. Plaintiff was an employee of Defendant Axos Bank, as defined by 42 U.S.C. § 2000e(b). Employers are barred from discriminating against any person with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of any protected status as set forth in N.R.S. § 613.330 *et seq.* Further, employers must provide a workplace free of discrimination on the basis of these protected statuses.

47. Defendant Axos Bank took adverse employment actions against Plaintiff because of her protected characteristics, including the decisions to terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, and/or to take other adverse employment actions against Plaintiff.

48. The discriminatory acts of Defendant Axos Bank have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

49. The acts of Defendant Axos Bank alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Axos Bank, and to make an example of and deter Defendant Axos Bank from engaging in such conduct in the future.

50. Plaintiff has incurred and continue to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 2000e-5(k), Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

**FOURTH CLAIM FOR RELIEF**

**Workplace Discrimination in Violation of 42 U.S.C. § 12112 et seq.**

**(Plaintiff Breanna Baldridge against Defendant Axos Bank)**

51. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

52. Plaintiff is a member of the class of persons protected by the Americans with Disabilities Act, which prohibits discrimination against a qualified individual because of that individual's known association with a person who has a disability.

53. Defendant Axos Bank, employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was prohibited from discriminating against qualified individuals on the basis of their association with a person with a disability as set forth in 42 U.S.C. § 12112(a).

54. Plaintiff's daughter has Down syndrome, a physical or mental impairment that substantially limits one or more major life activities and constitutes a disability as defined by 42 U.S.C. § 12102(1).

55. Defendant Axos Bank knew of Plaintiff's association with her daughter, including her daughter's disability.

56. Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation.

57. Defendant Axos Bank took adverse employment actions against Plaintiff because of

her known association with her daughter, a person with a disability, including the decisions to terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, and/or to take other adverse employment actions against Plaintiff.

58. The discriminatory acts of Defendant Axos Bank constitute a violation of the Americans with Disabilities Act (ADA), which makes it unlawful for an employer to discriminate against a qualified individual because of that individual's known association with a person who has a disability. 42 U.S.C. § 12112(b)(4).

59. The discriminatory acts of Defendant Axos Bank have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

60. The acts of Defendant Axos Bank alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Axos Bank, and to make an example of and deter Defendant Axos Bank from engaging in such conduct in the future.

61. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

## FIFTH CLAIM FOR RELIEF

### Discrimination in Violation of 29 U.S.C. § 206(d)

### (Plaintiff Breanna Baldridge against Defendant Axos Bank)

62. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

63. Plaintiff is a member of the class of persons protected by federal statutes prohibiting discrimination on the basis of sex.

64. Defendant was and is an "employer" within the meaning of 29 U.S.C. § 203(d) and

employed Plaintiff within the meaning of 29 U.S.C. § 203(e).

65. Plaintiff performed work requiring equal skill, effort, and responsibility as that performed by one or more male employees employed by Defendant in the same establishment, and under similar working conditions.

66. Defendant paid Plaintiff less than it paid male employees for performing equal work.

67. The differential in pay between Plaintiff and her male comparators was not based on a seniority system, a merit system, a system that measures earnings by quantity or quality of production, or any factor other than sex.

68. Defendant's conduct violates the Equal Pay Act of 1963, 29 U.S.C. § 206(d), which prohibits employers from discriminating on the basis of sex in the payment of wages.

69. Defendant's discriminatory acts have caused Plaintiff to suffer loss of income, benefits, and bonuses, all in an amount to be proven at trial.

70. Plaintiff is entitled to an award of liquidated damages, as Defendant did not act in good faith and lacked reasonable grounds for its conduct.

71. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 29 U.S.C. § 216(b), Plaintiff will seek to recover her reasonable attorneys' fees and costs according to proof at trial.

## SIXTH CLAIM FOR RELIEF

**Discrimination in Violation of N.R.S. § 608.017**

**(Plaintiff Breanna Baldridge against Defendant Axos Bank)**

72. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

73. Plaintiff is a member of the class of persons protected by Nevada law prohibiting discrimination in compensation on the basis of sex.

74. Defendant was and is an "employer" within the meaning of N.R.S. § 608.017 and employed Plaintiff within an establishment in the State of Nevada.

75. Plaintiff performed work requiring equal skill, effort, and responsibility as that performed by one or more male employees employed by Defendant within the same establishment,

and under similar working conditions.

76. Defendant paid Plaintiff lower wages than it paid male employees performing such equal work within the same establishment.

77. The differential in pay between Plaintiff and her male comparators was not based on a seniority system, a merit system, a compensation system under which wages are determined by the quality or quantity of production, or any wage differential based on factors other than sex.

78. Defendant's conduct violates N.R.S. § 608.017 , which prohibits employers from discriminating between employees on the basis of sex by paying lower wages to an employee than those paid to an employee of the opposite sex for equal work.

79. Defendant's discriminatory acts have caused Plaintiff to suffer loss of income, benefits, and bonuses, all in an amount to be proven at trial.

80. Plaintiff is entitled to all remedies available under Nevada law for Defendant's violation of N.R.S. § 608.017 .

81. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees and will seek to recover her reasonable attorneys' fees and costs pursuant to applicable Nevada law according to proof at trial.

## SEVENTH CLAIM FOR RELIEF

**Workplace Harassment in Violation of N.R.S. § 613.330 *et seq.***

**(Plaintiff Breanna Baldridge against Defendant Axos Bank)**

82. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

83. Plaintiff was employed by Defendant Axos Bank.

84. The acts and omissions of Defendant Axos Bank, as more fully set forth herein, constituted harassment on the bases of Plaintiff's protected status or statuses.

85. Plaintiff is within the class of persons that N.R.S. 613.330 intends to protect and harass on the basis of her protected status or statuses is the type of injury prohibited by N.R.S. 613.330.

86. Plaintiff was subjected to slurs, insults, jokes, other verbal comments, and/or

intimidation based on her protected status or statuses.

87. The harassing conduct was severe or pervasive to alter the conditions of Plaintiff's employment and created a work environment that was abusive, intimidating, hostile, or offensive to employees possessing the protected traits of Plaintiff, and unreasonably interfered with Plaintiff's work performance.

88. Plaintiff perceived the working environment to be abusive or hostile, and a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive. Plaintiff did in fact consider the work environment to be hostile or abusive.

89. At the time of the relevant conduct, those who personally perpetrated the harassment were acting as Plaintiff's supervisors.

90. Defendant Axos Bank had a duty to prevent and promptly correct the harassing behavior. Defendant Axos Bank breached this duty by failing to prevent the harassment, despite having prior knowledge of the harassing conduct. Defendant Axos Bank similarly breached its duty by failing to remedy the harassment.

91. As a direct and proximate result of the violations herein, Plaintiff was subjected to unlawful harassment, loss of her employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

92. The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Axos Bank, and to make an example of and deter Defendant Axos Bank from engaging in such conduct in the future.

93. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

/ / /

**<u>EIGHTH CLAIM FOR RELIEF</u>**

**Workplace Harassment in Violation of 42 U.S.C. § 2000e *et seq.***

**(Plaintiff Breanna Baldridge against Defendant Axos Bank)**

94. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

95. Plaintiff is a member of the class of persons protected by federal statutes prohibiting harassment based on her protected status or statuses.

96. Plaintiff was an employee of Defendant Axos Bank, as defined by 42 U.S.C. § 2000e(b). Employers are barred from discriminating against any person or creating an abusive or hostile work environment on the basis of a protected status as set forth in 42 U.S.C. § 2000e-2(a)(1).

97. Plaintiff was subjected to slurs, insults, jokes, other verbal comments, and/or intimidation based on her protected status or statuses.

98. The harassing conduct was severe or pervasive to alter the conditions of Plaintiff's employment and created a work environment that was abusive, intimidating, hostile, or offensive to employees possessing the protected traits of Plaintiff, and unreasonably interfered with Plaintiff's work performance.

99. Plaintiff perceived the working environment to be abusive or hostile, and a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive. Plaintiff did in fact consider the work environment to be hostile or abusive.

100. At the time of the relevant conduct, those who personally perpetrated the harassment were acting as Plaintiff's supervisors.

101. Defendant Axos Bank had a duty to prevent and promptly correct the harassing behavior. Defendant Axos Bank breached this duty by failing to prevent the harassment, despite having prior knowledge of the harassing conduct. Defendant Axos Bank similarly breached its duty by failing to remedy the harassment.

102. The acts alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at

trial.

103. The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of their rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Axos Bank, and to make an example of and deter Defendant Axos Bank from engaging in such conduct in the future.

104. Plaintiff has incurred and will continue to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 2000e-5(k), Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

## NINTH CLAIM FOR RELIEF

**Workplace Harassment in Violation of 42 U.S.C. § 12112 *et seq.***

**(Plaintiff Breanna Baldridge against Defendant Axos Bank)**

105. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

106. Plaintiff's daughter has Down syndrome, a physical or mental impairment that substantially limits one or more major life activities and constitutes a disability as defined by 42 U.S.C. § 12102(1).

107. Plaintiff is a member of the class of persons protected by the Americans with Disabilities Act, which prohibits discrimination — including harassment — against a qualified individual because of that individual's known association with a person who has a disability. 42 U.S.C. § 12112(b)(4).

108. Defendant Axos Bank employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was prohibited from harassing qualified individuals on the basis of their known association with a person with a disability as set forth in 42 U.S.C. § 12112(b)(4).

109. Defendant Axos Bank knew of Plaintiff's association with her daughter, including her daughter's disability. Plaintiff's supervisor made a mocking remark directed at Plaintiff's known relationship with her daughter in front of the full team, demonstrating Axos Bank's awareness of

that association.

110. The harassing conduct was severe or pervasive to alter the conditions of Plaintiff's employment and created a work environment that was abusive, intimidating, hostile, or offensive to employees associated with persons possessing protected traits, and unreasonably interfered with Plaintiff's work performance.

111. Plaintiff perceived the working environment to be abusive or hostile, and a reasonable person in Plaintiff’s circumstances would have considered the work environment to be hostile or abusive. Plaintiff did in fact consider the work environment to be hostile or abusive.

112. At the time of the relevant conduct, those who personally perpetrated the harassment were acting as Plaintiff’s supervisors.

113. Defendant Axos Bank had a duty to prevent and promptly correct the harassing behavior. Defendant Axos Bank breached this duty by failing to prevent the harassment, despite having prior knowledge of the harassing conduct. Defendant Axos Bank similarly breached its duty by failing to remedy the harassment.

114. As a direct and proximate result of the violations herein, Plaintiff was subjected to unlawful harassment, loss of her employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

115. The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff’s rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Axos Bank, and to make an example of and deter Defendant Axos Bank from engaging in such conduct in the future.

116. Plaintiff has incurred and continues to incur legal expenses and attorneys’ fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys’ fees and costs in an amount according to proof.

/ / /

**TENTH CLAIM FOR RELIEF**

**Workplace Retaliation in Violation of N.R.S. § 613.340**

**(Plaintiff Breanna Baldridge against Defendant Axos Bank)**

117. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

118. Plaintiff was employed by Defendant Axos Bank.

119. Plaintiff engaged in protected activity.

120. Defendant Axos Bank was aware of Plaintiff's protected activity.

121. After engaging in protected activity, Plaintiff suffered an adverse employment action.

122. There is a causal connection between Plaintiff's protected activity and the adverse employment action.

123. The conduct of Defendant Axos Bank alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

124. The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Axos Bank, and to make an example of and deter Defendant Axos Bank from engaging in such conduct in the future.

125. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

/ / /

/ / /

/ / /

**<u>ELEVENTH CLAIM FOR RELIEF</u>**

**Retaliation in Violation of 42 U.S.C. § 2000e *et seq.***

**(Plaintiff Breanna Baldridge against Defendant Axos Bank)**

126. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

127. Plaintiff is a member of the classes of persons protected by federal statutes prohibiting discrimination and harassment based on a protected status.

128. Plaintiff was an employee, as defined by 42 U.S.C. § 2000e(b),(f) of Defendant Axos Bank.

129. Employers, such as Defendant Axos Bank, are barred from retaliating against any person for opposing or reporting any unlawful discrimination or harassment against employees on a protected basis as set forth in 42 U.S.C. § 2000e et seq.

130. Plaintiff opposed and reported discriminatory or harassing conduct prohibited by 42 U.S.C. § 2000e *et seq*.

131. As a result of Plaintiff's complaints regarding, and opposition to, these unlawful practices, Defendant Axos Bank engaged in a course of retaliatory conduct, which included subjecting Plaintiff to a hostile work environment.

132. The conduct of Defendant Axos Bank constitutes retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, which makes it unlawful for an employer to retaliate against an employee who complains about or opposes discrimination or harassment.

133. The conduct of Defendant Axos Bank alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

134. The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary

damages in an amount sufficient to punish Defendant Axos Bank, and to make an example of and deter Defendant Axos Bank from engaging in such conduct in the future.

135. Plaintiff has incurred and continue to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 2000e-5(k), Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

**TWELFTH CLAIM FOR RELIEF**

**Retaliation in Violation of 42 U.S.C. § 12203 *et seq.***

**(Plaintiff Breanna Baldridge against Defendant Axos Bank)**

136. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

137. Plaintiff is within the class of persons that 42 U.S.C. § 12203 intends to protect and retaliation for engaging in protected activity is the type of injury prohibited by 42 U.S.C. § 12203.

138. Plaintiff was an "employee" of Defendant Axos Bank, as defined by 42 U.S.C. § 12111(4).

139. Employers, such as Defendant Axos Bank, are barred from retaliating against any person for opposing or reporting any unlawful discrimination or harassment against employees on a protected basis as set forth in 42 U.S.C. § 12101 *et seq*.

140. Plaintiff opposed and reported discriminatory or harassing conduct prohibited by 42 U.S.C. § 12101 *et seq*. and/or requested an accommodation as provided under the same statute.

141. As a result of Plaintiff's complaints regarding, opposition to, and/or requests for accommodation related to these unlawful practices, Defendant Axos Bank engaged in a course of retaliatory conduct, which included subjecting Plaintiff to a hostile work environment.

142. The conduct of Defendant Axos Bank constitutes retaliation in violation of the Americans with Disabilities Act of 1990, as amended, which makes it unlawful for an employer to retaliate against an employee who complains about or opposes discrimination or harassment.

143. The conduct of Defendant Axos Bank alleged herein has caused damage and harm to Plaintiff, including past and future lost earnings, salary, and other employment benefits, in an amount according to proof at trial.

144. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

**THIRTEENTH CLAIM FOR RELIEF**

**Retaliation in Violation of 29 U.S.C. § 215(a)(3)**

**(Plaintiff Breanna Baldridge against Defendant Axos Bank)**

145. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by

146. Plaintiff engaged in protected activity under the Equal Pay Act by opposing Defendant's unlawful pay practices and/or inquiring about and/or complaining about unequal pay based on sex.

147. Defendant was and is an "employer" within the meaning of 29 U.S.C. § 203(d) and employed Plaintiff within the meaning of 29 U.S.C. § 203(e).

148. Defendant took adverse action against Plaintiff, including but not limited to termination, as a direct result of her protected activity.

149. There is a causal connection between Plaintiff's protected activity and the adverse action taken by Defendant.

150. Defendant's conduct violates 29 U.S.C. § 215(a)(3), which prohibits employers from discharging or otherwise discriminating against an employee for asserting rights under the Equal Pay Act.

151. Defendant's retaliatory acts have caused Plaintiff to suffer loss of income, benefits, and bonuses, all in an amount to be proven at trial.

152. Plaintiff is entitled to an award of liquidated damages, as Defendant did not act in good faith and lacked reasonable grounds for its conduct.

153. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 29 U.S.C. § 216(b), Plaintiff will seek to recover her reasonable attorneys' fees and costs according to proof at trial.

154. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain

the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

**<u>FOURTEENTH CLAIM FOR RELIEF</u>**

**Intentional Infliction of Emotional Distress**

**(Plaintiff Breanna Baldridge against Defendant Axos Bank)**

155. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

156. By its actions described hereinabove, Defendant Axos Bank intentionally and/or recklessly subjected Plaintiff to severe mental and emotional distress.

157. Defendant Axos Bank is vicariously liable for the conduct of its employees, including Plaintiff's direct supervisor and the male colleague who subjected Plaintiff to the misconduct described herein, because those employees were acting within the course and scope of their employment when they engaged in the extreme and outrageous conduct directed at Plaintiff. The harassing conduct occurred in the workplace, during work hours, and was carried out by individuals exercising authority and access conferred by their employment with Axos Bank. In addition, Defendant Axos Bank is independently liable for ratifying and condoning that conduct: after Plaintiff reported the misconduct to Human Resources, Axos Bank conducted no meaningful investigation, took no corrective action, and permitted the conduct to continue — thereby adopting and approving the acts of its employees. Axos Bank further had advance knowledge that the individuals responsible for the misconduct were unfit for the positions they held and employed them with conscious disregard for the rights and safety of others, including Plaintiff.

158. The conduct of Defendant Axos Bank caused Plaintiff to endure and sustain actual damages, including financial hardship and grievous mental and emotional suffering in the form of worry, fear, anguish, shock, nervousness, stress, and anxiety in an amount subject to proof at trial.

159. The actions of Defendant Axos Bank were intentional and done with the willful disregard for the well-established and well-known legal rights of the Plaintiff. As a direct and proximate result of these actions, Plaintiff has been damaged, and will continue to be damaged in an amount to be proven at trial. The actions of Defendant Axos Bank were done willfully,

oppressively, maliciously and in callous indifference to the Plaintiff's rights and therefore, the Plaintiff should be awarded punitive damages.

160. Due to this action, it has been necessary for Plaintiff to expend court costs. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020.

**FIFTEENTH CLAIM FOR RELIEF**

**Assault**

**(Plaintiff Breanna Baldridge against Defendant Axos Bank)**

161. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

162. Defendant Axos Bank willfully and intentionally engaged in conduct that placed Plaintiff in reasonable apprehension of imminent harmful or offensive contact.

163. The assault was committed by a male colleague of Plaintiff who was employed by Defendant Axos Bank and who carried out the offending conduct in the workplace, during working hours, and in an environment created and maintained by Axos Bank. Defendant Axos Bank is vicariously liable for this conduct under the doctrine of respondeat superior because the employee was acting within the course and scope of his employment, and the workplace setting and working relationships that enabled this conduct were products of Axos Bank's employment structure. Defendant Axos Bank is further liable because it had actual knowledge, through Plaintiff's complaints to Human Resources, that this employee was engaging in threatening and harassing conduct toward Plaintiff, yet Axos Bank took no action to investigate, discipline, or separate the parties — thereby ratifying the employee's conduct. Axos Bank's conscious decision to retain this employee and permit him continued access to Plaintiff, with full knowledge of the ongoing misconduct, renders Axos Bank independently liable for the assault perpetrated against her.

164. At the time of these actions, Plaintiff reasonably believed that she was in immediate danger of being physically harmed by the conduct of Defendant Axos Bank.

165. These actions were intentional, malicious, and done with the purpose of causing Plaintiff to fear imminent harm.

166. As a direct and proximate result of the actions of Defendant Axos Bank, Plaintiff has

suffered and continues to suffer damages, including, but not limited to, emotional distress, fear, anxiety, and mental anguish.

167. Plaintiff is entitled to compensatory damages for the injuries and harm suffered as a result of the conduct of Defendant Axos Bank.

168. The acts of Defendant Axos Bank alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Axos Bank, and to make an example of and deter Defendant Axos Bank from engaging in such conduct in the future.

**SIXTEENTH CLAIM FOR RELIEF**

**Battery**

**(Plaintiff Breanna Baldridge against Defendant Axos Bank)**

169. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

170. Defendant Axos Bank willfully and intentionally made harmful or offensive contact with Plaintiff's person without Plaintiff's consent.

171. The battery was committed by a male colleague of Plaintiff employed by Defendant Axos Bank. The unwanted physical touching occurred in the workplace, during working hours, and arose directly from the working relationship between the employee and Plaintiff that Axos Bank created and maintained. Defendant Axos Bank is vicariously liable for this battery under the doctrine of respondeat superior because the employee's conduct occurred within the course and scope of his employment, and the authority, proximity, and access he enjoyed over Plaintiff derived from his position at Axos Bank. Defendant Axos Bank is further liable because it had actual notice of the ongoing physical misconduct through Plaintiff's complaints to Human Resources and, despite that notice, failed to investigate, failed to discipline the offending employee, and failed to separate him from Plaintiff — thereby ratifying his conduct. By knowingly retaining an employee it knew or should have known was engaging in repeated nonconsensual physical contact with Plaintiff, and by

taking no remedial action, Axos Bank acted with conscious disregard for Plaintiff's rights and safety and adopted the employee's battery as its own.

172. Plaintiff did not consent to the contact made by Defendant Axos Bank.

173. The actions of Defendant Axos Bank were intentional, malicious, and done with the knowledge that such contact was harmful or offensive to Plaintiff. As a direct and proximate result of these actions, Plaintiff has suffered and continues to suffer damages, including, but not limited to, physical injury, pain, suffering, emotional distress, and medical expenses. Plaintiff is entitled to compensatory damages for the injuries and harm suffered as a result of the conduct of Defendant Axos Bank.

174. The acts of Defendant Axos Bank alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Axos Bank, and to make an example of and deter Defendant Axos Bank from engaging in such conduct in the future.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages and other special and general damages according to proof, including, without limitation, lost earnings, salary, bonuses, and other job benefits Plaintiffs would have received but for Defendant's wrongful conduct;

2. Liquidated damages;

3. Emotional distress damages;

4. Punitive and exemplary damages in an amount sufficient to punish Defendant, and to make an example of and deter Defendant from engaging in such conduct in the future;

5. For an award of reasonable attorneys' fees and costs incurred in this action;

6. For pre-judgment and post-judgment interest, as provided by law; and

7. For other and further relief as the Court may deem just and proper.

DATED: March 25, 2026 GREENBERG GROSS LLP

By: */s/ Jemma E. Dunn*
Jemma E. Dunn
Matthew T. Hale
David C. Kiebler

Attorneys for Plaintiff
Breanna Baldridge

**DEMAND FOR JURY TRIAL**

Plaintiff Breanna Baldridge hereby demands a jury trial.

DATED: March 25, 2026

GREENBERG GROSS LLP

By: */s/ Jemma E. Dunn*
Jemma E. Dunn
Matthew T. Hale
David C. Kiebler

Attorneys for Plaintiff
Breanna Baldridge